**Darryll BARKSDALE, Plaintiff,**

v.

**Morgan C. ROBINSON a/k/a Bobby Robinson, Bobby Robinson Music a/k/a/ Bobby Robinson, Bobby Robinson Music, Inc., Sweet Soul Music, Inc., Enjoy Records, Inc., Spirit Music Group, Inc., Spirit One Music and unnamed defendants A–Z, Defendants.**

**No. 01 Civ. 11550(SHS).**

United States District Court, S.D. New York.

Nov. 18, 2002.

Renata D. Lowenbraun, Craig L. Levinsohn, Winne, Banta, Rizzi, Hetherington & Basralian, New York City, for Darryll Barksdale.

## OPINION

STEIN, District Judge.

This action arises out of a dispute concerning the copyrights in two musical compositions titled "Rockin It" and "It's Magic" ("the Compositions"), both "hip hop" songs originally released in the early 1980s. Darryll

Barksdale filed this action in December 2001, seeking a declaration of sole ownership of the copyrights in the Compositions. He also asserts claims of copyright infringement, false designation of origin, breach of contract, breach of fiduciary duty, conversion, unjust enrichment, fraud, and negligent misrepresentation arising out of defendants' use and licensing of the Compositions.

Defendants have now moved to dismiss the complaint on the grounds that plaintiff's copyright claims are time-barred by the Copyright Act's three-year statute of limitations and that he has failed to plead a proper Lanham Act claim for relief.[1]

In support of their motion to dismiss the Complaint, defendants rely on several documents including two cease and desist letters—which they submitted as part of their moving papers. Defendants contend that the letters demonstrate that plaintiff knew of Robinson's claims of co-ownership at least as early as January and August of 1998, when the letters were written, rendering plaintiff's filing of this action on December 17, 2001 untimely pursuant to the Copyright Act's three-year statute of limitations. *See* 17 U.S.C. § 507(b).

When matters outside the pleadings are presented in connection with a Rule 12(b)(6) motion, the Court must, with the exception of certain narrowly-defined materials, either exclude the additional material and decide the motion on the complaint alone, or convert the motion to one for summary judgment pursuant to Fed.R.Civ.P. 56 and afford all parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b); *see also Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir.2000) (*quoting Fonte v. Bd. of Managers of Continental Towers Condominium*, 848 F.2d 24, 25 (2d Cir.1988)).

After discussing this issue with the parties upon the oral argument of the motion, defendants' motion to dismiss the complaint was converted to a motion for summary judgment pursuant to Fed.R.Civ.P. 56 in an Order dated October 3, 2002. All parties were then given a reasonable opportunity to submit additional evidence and those submissions have been considered, along with the materials submitted upon the original briefing of the motion.

Because plaintiff's copyright claims are time-barred and he has failed to state a claim for relief pursuant to the Lanham Act, defendants' motion is granted and the case is dismissed in its entirety.

### The Parties

Darryll Barksdale was a teenaged member of the rap group "The Fearless Four" in the early 1980s. He composed and recited—i.e., "rapped"—many of the group's songs.

Defendant Morgan C. Robinson (a.k.a. Bobby Robinson) has been in the music industry since 1950 as a co-writer of musical compositions and as an owner or controller of various music publishing companies, including defendants Enjoy Records, Inc., Sweet Soul Music, Inc., Bobby Robinson Music, and Bobby Robinson Music, Inc. ("the Robinson entities"). The compositions at issue in this action—"Rockin It" and "It's Magic"—were originally recorded and released by Enjoy Records, Inc. in 1982.

Defendant Spirit Music Group, Inc. is a music publishing company and Spirit One Music is an affiliate of Spirit Music Group. Those defendants have undertaken administrative duties and co-publishing interests in the Compositions pursuant to licensing agreements entered into with certain of the Robinson entities.

---

1. The defendants originally moved to dismiss the copyright claims as time-barred pursuant to Fed. R.Civ.P. 12(b)(1). However, such a motion is more properly made pursuant to Fed.R.Civ.P. 12(b)(6), *see Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir.1989); *Elgendy v. City of New York*, No. 99 Civ. 5196, 2000 WL 1119080, at *1, n. 1 (S.D.N.Y. Aug. 7, 2000); *Angotti v. Kenyon & Kenyon*, 929 F.Supp. 651, 653 (S.D.N.Y.1996), and is thus being construed as having been brought pursuant to Rule 12(b)(6). In addition, subsequent to the service of the motion to dismiss, plaintiff served a Second Amended Complaint which differs from the First Amended Complaint only insofar as it adds two additional defendants—Bobby Robinson Music and Bobby Robinson Music, Inc. The motion to dismiss is deemed to be addressed to the Second Amended Complaint ("Complaint").

## Factual Background

Barksdale and Robinson's professional relationship began in the early 1980s, when Barksdale was a teenager and a member of the rap group "The Fearless Four." Robinson, at that time, was a songwriter, arranger, and record producer. Robinson's company, Enjoy Music, Inc., produced the "Fearless Four" album on which the compositions "Rockin It" and "It's Magic" first appeared.

Barksdale alleges that he is the sole author of the Compositions and the sole owner of the copyrights to them. He alleges that Robinson has claimed ownership, administration, and publishing interests in the Compositions "from their creation to date" (Compl.¶ 22) and that defendants have reaped financial benefits from the Compositions without paying Barksdale just consideration. He further alleges that Robinson and the Robinson entities have wrongfully entered into licensing agreements with defendants Spirit Music Group, Inc. and Spirit One Music. In addition, plaintiff has submitted evidence of nine other licensing agreements in which Robinson, Sweet Soul Music, or Enjoy Records has granted limited rights in the Compositions to various third parties. (Pltf.'s Submission of Sept. 20, 2002). Plaintiff contends that each licensing agreement constitutes an act of infringement by Robinson and his companies.

Defendants contend that the Compositions were created by both Barksdale and Robinson, with Barksdale writing lyrics and Robinson creating, arranging, and editing the music. Robinson asserts that he and Barksdale are co-authors of the Compositions and co-owners of the copyrights in the Compositions. Robinson also asserts that he has made representations indicating their joint ownership since 1982. For instance, in 1982, Robinson filed a copyright registration listing both Barksdale and Bobby Robinson as co-authors of the "Rockin It" single, (Defs.Motion, Ex. A.), and Robinson listed both himself and Barksdale as writers of the Compositions in registration forms submitted to BMI in 1998. (Robinson Aff., Ex. 2.)

Robinson further contends that because he is a co-owner of the copyrights in the Compositions, he has an independent right to use or license the Compositions to third parties, subject only to a duty to account to the other co-owner for any profits earned thereby. In response to Barksdale's claim that defendants have failed to pay him royalties, defendants have submitted numerous payment reports and royalty statements indicating that Barksdale has indeed been receiving monies for use of the Compositions. (Robinson Aff., Ex. 2.)

Plaintiff actively began to claim his rights as the allegedly sole author and owner of the Compositions in the late 1990s. On January 30, 1998, his attorney at that time, Theodicia Collins, sent a letter to Bobby Robinson asserting that Barksdale is the "sole and exclusive owner" of the compositions and directing Robinson to "cease and desist" from making any further representations with respect to the compositions. (Defs.Motion, Ex. D.) Six months later, on August 7, 1998, plaintiff's new attorney, Kenneth Freundlich, sent a similar cease and desist letter to Robinson's attorney, again asserting that Barksdale was the "sole author and owner" of the Compositions. (Defs.Motion, Ex. E). A third cease and desist letter was sent to Robinson's attorney by plaintiff's current attorney, Renata Lowenbraun, on January 7, 2002. (Cmplt., Ex. B.) Additionally, in November 2000, plaintiff obtained registered copyrights in his own name for the "Rockin It" and "It's Magic" singles as released by Enjoy Records eighteen years previously, in 1982. (Cmplt., Ex. A.)

Shortly after the complaint was filed and served, defendants moved to dismiss it on the primary ground that Barksdale's copyright ownership and infringement claims are time-barred. Oral argument on this motion was heard on September 27, 2002 and, as noted, the motion to dismiss was converted by this Court to a motion for summary judgment pursuant to Fed.R.Civ.P. 56 by Order dated October 3, 2002.

## DISCUSSION

### 1. Summary Judgment Standard

Summary judgment may be granted only when the moving party demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir.1995). The Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor ... and may grant summary judgment only when 'no reasonable trier of fact could find in favor of the non-moving party.'" *Allen*, 64 F.3d at 79 (*quoting Lund's Inc. v. Chemical Bank*, 870 F.2d 840, 844 (2d Cir.1989)).

"Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must come forward with specific facts to show that there is a factual question that must be resolved at trial." *Velez v. Sebco Laundry Sys., Inc.*, 178 F.Supp.2d 336, 339 (S.D.N.Y.2001); Fed.R.Civ.P. 56(e). A non-moving party must produce evidence in the record and may not rely on "conclusory allegations, speculation or conjecture." *Cifarelli v. Village of Babylon*, 93 F.3d 47, 51 (2d Cir.1996). In short, a non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### 2. *The Copyright Ownership Claim*

■ Barksdale seeks a declaratory judgment deeming him the sole owner of the copyrights in the Compositions.[2] However, this claim is time-barred.

Civil actions brought pursuant to the Copyright Act are subject to a three-year statute of limitations. *See* 17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."). In *Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir.1996), the United States Court of Appeals for the Second Circuit held that

"plaintiffs claiming to be co-authors are time-barred three years after accrual of their claim from seeking a declaration of copyright co-ownership rights and any remedies that would flow from such a declaration." *Merchant*, 92 F.3d. at 56. Courts in this district have extended this rule to parties, such as Barksdale, seeking a declaration of sole ownership. *See, e.g., Minder Music Ltd. v. Mellow Smoke Music Co.*, No. 98 Civ. 4496, 1999 WL 820575 (S.D.N.Y. Oct. 14, 1999); *Netzer v. Continuity Graphic Assocs.*, 963 F.Supp. 1308 (S.D.N.Y.1997); *Aday v. Sony Music Entm't, Inc.*, 96 Civ. 0991, 1997 WL 598410 (S.D.N.Y. Sept. 25, 1997).

■ Copyright claims begin to accrue when the plaintiff "knows or has reason to know of the injury upon which the claim is premised." *Merchant*, 92 F.3d at 56 (*citing Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir.1992), *cert. denied*, 508 U.S. 906, 113 S.Ct. 2331, 124 L.Ed.2d 243 (1993)). "An express assertion of sole authorship or ownership will start the copyright statute of limitations running." *Netzer*, 963 F.Supp. at 1315 (S.D.N.Y.1997).

Plaintiff manifestly knew by no later than August 1998 that Robinson was claiming co-authorship and co-ownership of the Compositions. Plaintiff, through his counsel Theodicia D. Collins, made a claim for the Compositions in a letter to Robinson dated January 30, 1998. (Defs.Motion, Ex. D.) That letter unambiguously asserted that Barksdale is the "sole and exclusive owner of the compositions" and directed Robinson to "cease and desist" from making any further representations with respect to the Compositions. (*Id.*) On August 7, 1998, Barksdale's then attorney, Kenneth Freundlich, sent a letter to Robinson's attorney again asserting that Barksdale was the "sole author and owner" of the Compositions. (Defs.Motion, Ex. E.) Plaintiff does not dispute the authenticity of these letters.

---

**2.** At oral argument on September 27, 2002, plaintiff asserted for the first time that not only was he seeking ownership of the copyrights in the Compositions, but that he was also seeking ownership of the master recordings. (Tr. 23.) However, save for two fleeting references in the Complaint to the master recordings (Cmplt.

¶¶ 24, 57), all of plaintiff's submissions make clear that this action is solely a dispute over the copyrights in the Compositions. Not only do plaintiff's original moving papers refer solely to a declaration of ownership of the Compositions, but the claims for relief focus on the Compositions, not the master recordings.

Reading the facts in the light most favorable to Barksdale, the statute of limitations for the ownership claim expired in August 2001, at the latest. Because plaintiff did not file the present action until December 17, 2001, his copyright ownership claim is time barred.

■ Plaintiff contends that the doctrine of equitable estoppel should suspend the running of the statute of limitations and cure his delay in filing this action. Equitable estoppel may toll the limitations period where the plaintiff knew of the existence of the cause of action, but the defendant's misconduct caused the plaintiff to delay in filing suit. *See Buttry v. General Signal Corp.,* 68 F.3d 1488, 1493 (2d Cir.1995); *Netzer,* 963 F.Supp. at 1316. Ordinarily, the doctrine only applies when the defendant "has taken active steps to prevent [the plaintiff] from suing in time" *Carell v. Shubert Org.,* 104 F.Supp.2d 236, 250 (S.D.N.Y.2000) (quotations omitted), as for example, where the defendant promises not to plead the statute of limitations, *id.,* misrepresents the length of the limitations period, or "lulls the plaintiff into believing it was not necessary to commence the litigation." *Cerbone v. ILGWU,* 768 F.2d 45, 50 (2d Cir.1985); *see also Netzer,* 963 F.Supp. at 1316; *Green v. Citibank, N.A.,* No. 95 Civ. 1251, 1997 WL 43619 at *5 (S.D.N.Y. Feb. 4, 1997). In short, "[e]quitable estoppel is applicable only in situations where demonstrated egregious wrongdoing by a defendant prevents a plaintiff from bringing suit on a claim of which the plaintiff is aware." *Netzer,* 963 F.Supp. at 1316 (quotations omitted).

No such allegations are made by plaintiff in this action. Barksdale contends that Robinson actively concealed his claims of co-ownership and his licensing of the Compositions to third parties. However, even assuming, *arguendo,* that Robinson did conceal his activities or mislead Barksdale to such an extent that Barksdale did not become aware of his copyright claims until 1997 or 1998, Barksdale offers no facts indicating "egregious wrongdoing" on the part of Robinson that prevented Barksdale from filing a timely action once he had reason to believe that a valid copyright claim existed. The wrongdoing Barksdale alleges (Barksdale Aff. ¶¶ 12, 13)—for instance, that Robinson never told him that Robinson had filed a copyright registration for "Rockin' It" as co-author—does not justify a delay in suit under an equitable estoppel theory where the years since January 1998 have been punctuated by no fewer than three cease and desist letters sent by Barksdale's attorneys as well as Barksdale's registration of copyrights in his own name.

Accordingly, plaintiff's copyright ownership claims are dismissed as barred by the Copyright Act's statute of limitations.

### 3. *The Copyright Infringement Claims*

■ In an action for infringement, the claim "accrues at the time that the infringement upon which the suit is based occurred. If such infringement occurred within three years prior to the filing, the action will not be barred even if prior infringements by the same party as to the same work are barred because they occurred more than three years previously." 3 *Nimmer on Copyright* § 12.05[A]. Furthermore, "[e]ach act of infringement is a distinct harm giving rise to an independent claim for relief." *Stone v. Williams,* 970 F.2d 1043, 1049 (2d Cir.1992). On these grounds, plaintiff contends that his infringement claims are timely. Plaintiff also maintains that a cause of action for copyright infringement is always a separate and distinct claim from that of copyright ownership, requiring a different analysis with respect to the statute of limitations issue.

Plaintiff relies heavily on *Carell,* 104 F.Supp.2d 236, where the court allowed the holder of registered copyrights in facial makeup designs to proceed with a copyright infringement action, even though her copyright ownership claims were barred by the statute of limitations. The Second Circuit, in *Merchant v. Levy,* suggested that while a dismissal of an ownership claim as time-barred bars certain remedies associated with ownership, it does not automatically extinguish the right of a copyright owner to sue for infringement. *Merchant,* 92 F.3d at 57 n. 8 (2d Cir.1996). However, *Merchant* "should not be construed as allowing [a plaintiff] to make an 'end-run' around the statutory mandate of the Copyright Act." *Carell,* 104 F.Supp.2d at 255; *see also 3 Nimmer*

§ 12.05[A] (it is an "absurdity" to conclude that the Second Circuit would create a rule that allows a plaintiff, merely by asking for infringement remedies other than or in addition to a declaratory judgment, to rescue an otherwise time-barred claim from the statute of limitations) (quotations omitted).

■ When the gravamen of a plaintiff's copyright claims is ownership, and not infringement, the infringement claims are barred if the ownership claim is time-barred. *See Minder Music Ltd. v. Mellow Smoke Music Co.*, No. 98 Civ. 4496, 1999 WL 820575 (S.D.N.Y. Oct. 14, 1999) (where gravamen of plaintiff's copyright claim is ownership, infringement claims are also barred). Barksdale's reliance on *Carell* is therefore misplaced, since the gravamen of the plaintiff's claim in that case was infringement. *Carell,* 104 F.Supp.2d at 254 ("the gravamen of plaintiff's copyright claims is infringement, not ownership; it is her principal cause of action and the Complaint focuses primarily on instances of infringement.").

In the present action, plaintiff has conceded that the gravamen of his copyright claims is ownership. Indeed, he introduces his memorandum opposing defendants' motion to dismiss the complaint as follows: "At the heart of the matter are Barksdale's claims of sole ownership and authorship, contrary to Defendant Morgan C. Robinson's claims of co-authorship and co-ownership." (Pltf. Memo. in Opp. to Defs. Motion to Dismiss at 1). Although plaintiff asserts infringement claims in his complaint, "it has been established that the statute of limitations cannot be defeated by portraying an action as one for infringement when copyright ownership rights are the true matter at issue." *Minder Music*, 1999 WL at *2 (*citing Netzer,* 963 F.Supp. at 1315).

In addition, because plaintiff is already an acknowledged co-owner, his infringement claim is entirely dependent upon his claim of sole ownership, since an action for infringement will not lie between co-owners, "because an individual cannot infringe his own copyright." *Weissmann v. Freeman,* 868 F.2d 1313, 1318 (2d Cir.1989). Thus, absent a determination that Barksdale is the sole owner, rather than a co-owner, his infringement claims cannot proceed against the Robinson defendants.

It follows that the claims against Spirit One Music and Spirit Music Group must also fail. Their rights in the Compositions are derived originally from Robinson and thus the claims against them are dependent entirely upon resolution of the ownership dispute. As co-owner of the copyrights, Robinson would be free to license the rights to the Compositions to third parties, even without Barksdale's permission, since "[t]he only duty joint owners have with respect to their joint work is to account for profits." *Id.*

### 4. *The Lanham Act Claims*

■ Section 43(a)(1)(A) of the Lanham Act prohibits any misrepresentation in interstate commerce that is likely to cause confusion about the source or the manufacturer of a product. 15 U.S.C. § 1125(a)(1)(A). This law not only prohibits "palming off" (when A promotes A's products under B's name), but also "reverse palming off" (when A promotes B's products under A's name).

The complaint contains a Lanham Act claim for "reverse palming off." However, plaintiff does not allege that the Robinson defendants have promoted the Compositions under their own name *instead* of plaintiff's name. Rather, plaintiff alleges that the Robinson defendants have promoted the Compositions under their own name *in addition to* plaintiff's name. Barksdale contends that the liner notes created for the records, tapes, and compact discs featuring the Compositions do not give him sole credit for authoring the lyrics and instead indicate that the Compositions were co-authored by both Barksdale and Robinson.

Courts in the Second Circuit and this district repeatedly have barred Lanham Act claims where the plaintiff's allegations merely restate his copyright claims and fail to show the "requisite affirmative action of falsely claiming originality beyond that implicit in any allegedly false copyright." *Weber v. Geffen Records, Inc.,* 63 F.Supp.2d 458, 464 (S.D.N.Y.1999); *see also Lipton v. Nature Co.,* 71 F.3d 464 (2d Cir.1995); *Kregos v. Associated Press,* 937 F.2d 700 (2d Cir.1991);

*Richard Feiner & Co. v. H.R. Indus., Inc.*, 10 F.Supp.2d 310 (S.D.N.Y.1998). Here, plaintiff fails to plead facts adequate to meet the burden of proof for a Lanham Act violation. In short, the matter boils down to Barksdale's claim of sole ownership versus Robinson's claim of co-ownership. Any claim of originality on the part of defendants does not venture beyond that implicit in a gardenvariety copyright dispute. The Lanham Act claims should therefore be dismissed.

## 5. *The State Law Claims*

The remaining claims for relief in the complaint are state law claims: breach of contract, breach of fiduciary duty, conversion, unjust enrichment, fraud, and negligent misrepresentation.

Because all of the federal question claims are dismissed, this Court declines to retain jurisdiction over the remaining state law claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 351 (2d Cir.2000) ("[o]nce the federal court dismisses the copyright claim, it may decide to refuse supplemental jurisdiction over the remaining state law claims").

The remaining state law claims are therefore dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

## CONCLUSION

Because (1) Barksdale's copyright claims are barred by the applicable statute of limitations, (2) he has failed to state a claim for relief pursuant to the Lanham Act, and (3) the Court declines to accept supplemental jurisdiction over the state law claims, defendants' motion for summary judgment pursuant to Fed.R.Civ.P. 56 is granted in its entirety.