[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10197
Non-Argument Calendar
_____

D. C. Docket No. 04-03449-CV-S

ROBERT B. EUBANK,

Plaintiff-Appellant,

versus

JEANNE MARIE LESLIE,
ANTHONY MCLAIN,
ROBERT LUSK,
ROBERT GWIN,
JEFFERSON COUNTY, et al.,

Defendants,

GLORIA BAHAKEL,
MIKE HALE, as sheriff of
Jefferson County,
BOARD OF TRUSTEES UNIVERSITY OF ALABAMA,
UAB HEALTH SYSTEM,
UNIVERSITY OF ALABAMA HEALTH SERVICES
FOUNDATION, P.C.,
SANDRA FRAZIER, FRANK BARKERS,
ALABAMA STATE BAR, et. al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

**(December 11, 2006)**

Before ANDERSON, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Robert B. Eubank, an attorney proceeding pro se, appeals from the district

court's dismissal of his civil rights claims under 42 U.S.C. §§ 1983 and 1985

against Alabama Circuit Court Judge Gloria Bahakel; Jefferson County, Alabama

Sheriff Mike Hale; University of Alabama Health Services Foundation, P.C.;

University of Alabama at Birmingham ("UAB") Health System; Sandra Frazier,

M.D.; Frank Barkers; COPAC, Inc; and the University of Alabama Board of

Trustees.[1]

Eubank was indicted for driving under the influence ("DUI") in 1999. His

case was assigned to Judge Bahakel. As a condition of Eubank's bond, Judge

---

[1]On March 30, 2006, we issued an order allowing this appeal to proceed only as to these defendants, as well as the Alabama State Bar and the Board of Commissioners of the Alabama State Bar. We determined that claims remained pending in the district court as to Jeanne Marie Leslie, Anthony McLain, Robert Lusk, and Robert Gwin, meaning that Eubank's arguments as to them were not properly before us.

Eubank raises no argument on appeal as to the Alabama State Bar or the Board of Commissioners of the Alabama State Bar. Any arguments he might have had against them are therefore deemed waived. Lambrix v. Singletary, 72 F.3d 1500, 1506 n.11 (11th Cir. 1996).

2

Bahakel ordered him to participate in a program called "Treatment Alternatives to Street Crime" ("TASC"), allegedly operated by defendant-appellees UAB Health System and University of Alabama Health Services Foundation. Eubank alleges that the program included unconstitutional religious indoctrination. Bahakel also ordered Eubank to spend time at UAB Hospital from May 15 to June 9, 2000, where he was under the supervision of defendant-appellees Barkers and Frazier.

Eubank alleges that after he was released from the hospital, he was ordered to go to a facility called COPAC in Brandon, Mississippi. He was released from there on October 24, 2000. He remained under Judge Bahakel's supervision and periodically underwent alcohol testing. Eubank failed a test and was jailed from January 23, 2001 until May 4, 2001. Judge Bahakel released him from jail after he agreed to three months in Alethia House, another treatment center. He was released on July 29, 2001. Eubank had Judge Bahakel removed from his case for prejudice in September 2003. The indictments charging him with DUI were dismissed in December 2003. He filed this action on December 20, 2004, alleging numerous constitutional violations.

The district court dismissed all claims against the defendants before us. The district court denied motions to dismiss filed by several other defendants. Those claims remain pending in the district court. The present appeal concerns only those

3

defendants whose motions to dismiss were granted, all of whom had final judgments entered in their favor under Fed. R. Civ. P. 54(b).

Eubank raises five main arguments on appeal. First, he argues that the district court erred in dismissing his damages claims against University of Alabama Health Services Foundation, UAB Health System, Frazier, and Barkers as time-barred. Second, he argues that the district court erred in dismissing his claims against the University of Alabama Board of Trustees on the basis of state sovereign immunity. Third, he argues that the district court erred in granting Judge Bahakel's motion to dismiss based upon judicial immunity. Fourth, he argues that the district court erred in dismissing his claims for prospective relief against Hale, UAB Health Services Foundation, UAB Health Systems, Frazier, Barkers, and Judge Bahakel. Finally, Eubank argues that the district court erred in dismissing his claims against COPAC, Inc. on personal jurisdiction grounds.

We review a district court's grant of a motion to dismiss de novo, assuming that the facts alleged in the complaint are true. Owens v. Samkle Auto., Inc., 425 F.3d 1318, 1320 (11th Cir. 2005).[2]

---

[2]Eubank also argues generally that the district court erred in failing to grant his motion for summary judgment. We note that the district court's dismissal of Eubank's claims against these defendants constituted an implicit denial of the motion for summary judgment to the extent that it was a final judgment. See Chalwest (Holdings) Ltd. v. Ellis, 924 F.2d 1011, 1012 (11th Cir. 1991) (holding that an appellant's request for an evidentiary hearing was denied sub silentio by the district court's order of dismissal). We find that there was no error in the district court's denial of the summary judgment motion for the same reasons set forth in this opinion as to the

4

I.

The district court dismissed the damages claims against University of Alabama Health Services Foundation, UAB Health System, Frazier, and Barkers, holding that they were time-barred. Dismissal under Fed.R.Civ.P. 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred. Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir. 2005) (citations and quotations omitted).

In states with more than one statute of limitations, the forum state's general or residual personal injury statute of limitations applies to all § 1983 actions filed in federal court in that state. Owens v. Okure, 488 U.S. 235, 236, 249-50, 109 S.Ct. 573, 574, 580-82 (1989). In Alabama, the residual personal injury limitation period is two years. Moore v. Liberty Nat'l Life Ins. Co., 267 F.3d 1209, 1219 (11th Cir. 2001). A cause of action accrues for purposes of determining when the statute of limitations period began to run when the plaintiff knew or should have known of his injury and its cause. Bowling v. Founders Title Co., 773 F.2d 1175, 1178 (11th Cir. 1985); Free v. Granger, 887 F.2d 1552, 1555-56 (11th Cir. 1989).

Eubank was released from UAB Hospital on June 9, 2000. His claims for

dismissal of his claims.

5

damages against University of Alabama Health Services Foundation, UAB Health System, Frazier, and Barkers relate only to conduct that occurred before he was released from the hospital. He therefore learned of the injury for purposes of the statute of limitations no later than June 9, 2000. See Bowling, 773 F.2d at 1178. He filed the complaint in the instant action more than four years later, in December 2004. The district court thus correctly determined that these claims were barred by the applicable two-year statute of limitations. See Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003).

Eubank nevertheless argues that his suit was timely for two reasons. First, he asserts that his cause of action did not accrue until his indictment was dismissed in December 2003. Eubank bases his argument on Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). In Heck, the plaintiff's damages action under § 1983 depended on facts that, if proven, would have implied the invalidity of his state court criminal conviction. The Supreme Court held that there is no cause of action under § 1983 for that kind of damages. Id. at 487, 114 S. Ct. at 2372. The Court held that a cause of action for such damages accrues only when "the conviction or sentence has already been invalidated," as by a reversal on direct appeal or a federal court's grant of a writ of habeas corpus. Id. On the other hand, where the suit will not demonstrate that an outstanding criminal judgment against the plaintiff

6

is invalid, normal rules apply and the suit is allowed to proceed. Id. Eubank argues that Heck applies to his case, his § 1983 cause of action did not accrue until his indictment was dismissed in December 2003, and his action against these defendants is thus not time-barred.

Heck is, however, inapposite. Heck applies only when the § 1983 judgment would call into question a state court criminal conviction. Here there was no criminal conviction: Eubank was never convicted and his indictment was dismissed in December 2003. Moreover, even if there had been a criminal conviction, Heck would not bar this suit because Eubank is challenging a condition of confinement–the alleged religious indoctrination and associated conduct–not facts that had the potential to invalidate an underlying conviction. Eubank's suit therefore accrued as of June 9, 2000, at the latest. The district court correctly held that the two-year statute of limitations expired before Eubank filed his complaint in December 2004.

Eubank also argues that his suit against these defendants is not time-barred because he alleged a conspiracy that did not end until his indictment was dismissed in December 2003, and his December 2004 complaint was therefore timely. We have previously noted that for statute of limitations purposes, it is not enough merely to allege a conspiracy. Fullman v. Graddick, 739 F.2d 553, 556-57 (11th

Cir. 1984). To establish a prima facie case of conspiracy, the plaintiff must allege, among other things, that the defendants "reached an understanding to violate [his] rights." See Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002) (in a summary judgment context). While the plaintiff does not have to produce a "smoking gun" to establish the "understanding" or "willful participation," he must allege some agreement among the defendants. Rowe, 279 F.3d at 1283-84; Bailey v. Bd. of County Comm'rs of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992) (holding that the linchpin for conspiracy is agreement, which presupposes communication).

Eubank's allegations were inadequate to state a conspiracy claim. He never alleged how University of Alabama Health Services Foundation, UAB Health System, Frazier, and Barkers conspired either among themselves or with any other defendants to violate his rights. He only stated generally that a conspiracy existed, and then made the allegations relevant to these defendants' conduct while he was at the hospital. He thus failed to state a claim of conspiracy. See Rowe, 279 F.3d at 1283-84. Eubank's cause of action accrued on June 9, 2000, at the latest, and then expired two years later, before he filed his complaint.

II.

The district court also dismissed the prospective claims against University of Alabama Health Services Foundation, UAB Health System, Frazier, Barkers, and Sheriff Hale.[3] It held that Eubank lacks standing to pursue prospective claims against these defendants.

Federal courts have jurisdiction only over concrete cases and controversies. U.S. Const. Art. 3, § 2, cl. 1. A plaintiff will generally have standing only where (1) he experienced injury in fact, (2) the injury is fairly traceable to the defendant's conduct, and (3) his harm is likely to be redressed should the court order relief. A plaintiff seeking injunctive or declaratory relief, however, must prove not only an injury, but also "a real and immediate threat of future injury in order to satisfy the 'injury in fact' requirement." City of Los Angeles v. Lyons, 461 U.S. 95, 102-05, 103 S.Ct. 1660, 1665-67 (1983) (holding that because injunctions regulate future conduct, a party has standing to seek injunctive relief only if he alleges a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury); Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1241 (11th Cir. 2003).

In Lyons, the Supreme Court noted that a plaintiff lacks standing to pursue injunctive relief against allegedly discriminatory sentencing practices when the

---

[3] Sheriff Hale is only subject to prospective relief because he had not been elected at the time the alleged conduct occurred.

plaintiff will face such practices only if he violates the law and is charged, tried, and convicted. Lyons, 461 U.S. at 102, 103 S.Ct. at 1665, citing O'Shea v. Littleton, 414 U.S. 488, 487, 94 S.Ct. 669, 676 (1974). The possibility of harm was too remote, the Court said, because "[i]t was to be assumed that plaintiffs will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct said to be followed by petitioners." Id. at 103, 103 S. Ct. at 1665.

Eubank has likewise failed to allege any threat of real and immediate future harm. As in the case cited in Lyons, we must assume that Eubank will conform his future conduct to the law, in which case he will never be exposed to the allegedly unconstitutional conditions. Eubank tries to bolster his case by alleging that a misdemeanor DUI charge remains in Mt. Brook municipal court, and that if he were convicted on that charge, his only appeal would be to the circuit court, which might impose the same allegedly unconstitutional conditions. This eventuality is likewise too hypothetical to support standing to pursue injunctive relief, especially since nothing has happened in the case since December 2004. There is no indication that Eubank is in anything close to imminent danger of being convicted, much less of being imminently subject to the allegedly unconstitutional conduct. The future threat is best classified as "conjectural or hypothetical," such that the

district court did not err in determining that Eubank lacked standing to pursue prospective relief against these defendants. See Lyons, 461 U.S. at 102-05, 103 S.Ct. at 1665-67.

Eubank's only other theory of standing supporting his claims for prospective relief is taxpayer standing. See Flast v. Cohen, 392 U.S. 83, 105-06, 88 S.Ct. 1942, 1955-56 (1968). Taxpayer standing is a narrowly circumscribed exception to the typically required showing of injury in fact. In this circuit, a plaintiff challenging State action must show three things to demonstrate taxpayer standing: (1) an Establishment Clause violation; (2) "a logical link between his taxpayer status and the challenged legislative enactment"; and (3) "a nexus between his taxpayer status and the precise nature of the alleged constitutional infringement." Women's Emergency Network v. Bush, 323 F.3d 937, 943 (11th Cir. 2003). On all of these elements, "[t]he plaintiff has the burden to clearly and specifically set forth facts sufficient to satisfy Art. III standing requirements." Miccosukee Tribe of Indians v. Florida State Ath. Comm'n, 226 F.3d 1226, 1230 (11th Cir. 2000). To support taxpayer standing, Eubank therefore must allege facts sufficient to show an Establishment Clause violation and a link between the taxes he paid and the alleged violation. See Women's Emergency Network, 323 F.3d at 943 (finding taxpayer standing where plaintiff showed he was a taxpayer and identified the

11

funds that would be expended on an allegedly unconstitutional program).

Eubank obviously lacks taxpayer standing to pursue his non-Establishment Clause claims. Further, even with regard to his Establishment Clause claims, Eubank has not alleged facts to support taxpayer standing. His complaint does allege that he is a taxpayer. But his complaint fails to allege facts showing the required nexus between taxpayer funds and the allegedly unconstitutional conduct he experienced. His allegations against Sheriff Hale do not show a link between a particular public expenditure and the allegedly unconstitutional conduct of these defendants. His allegations against the other defendants are doubly deficient because they are not even public organizations. The complaint admits that UAB Health Services Foundation and UAB Health Systems were private corporations organized under Alabama law. Nor does he allege that their employees Frazier and Barkers were employed by the state at any time.

Eubank's case for taxpayer standing relies on vague allegations that all of these programs were publicly funded. The Supreme Court, however, found such conclusory allegations to be insufficient in Doremus v. Board of Education, 342 U.S. 429, 72 S. Ct. 394 (1952), cited approvingly in Flast v. Cohen, 392 U.S. 83, 102, 88 S. Ct. 1942, 1954 (1968) and Women's Emergency Network v. Bush, 323 F.3d 937, 943 (11th Cir. 2003). In Doremus, the taxpayer challenged Bible

reading at a public school and alleged that he had taxpayer standing because the school was publicly funded. The Court nevertheless refused to find taxpayer standing because the plaintiff made "no allegation that this activity is supported by any separate tax or paid for from any particular appropriation or that it adds any sum whatsoever to the cost of conducting the school," nor was there "any averment that the Bible reading increases any tax they do pay or that as taxpayers they are, will, or possibly can be out of pocket because of it." Id. at 433, 72 S. Ct. at 397. Eubank has likewise failed to show a link between his status as a taxpayer and the allegedly unconstitutional conduct, and his claim to have taxpayer standing is therefore without merit. The district court correctly dismissed Eubank's prospective claims against University of Alabama Health Services Foundation, UAB Health Systems, Frazier, Barkers, and Sheriff Hale.

III.

The district court next held that the suit against the University of Alabama Board of Trustees was barred by state sovereign immunity. The Eleventh Amendment has been construed to bar suits against a state brought by that state's own citizens, absent the state's consent. McClendon v. Ga. Dep't of Cmty. Health, 261 F.3d 1252, 1256 (11th Cir. 2001). The well-recognized exception to the

13

general rule is "for suits against state officers seeking *prospective* equitable relief to end *continuing* violations of federal law." Id. (emphasis in original). See also Ex parte Young, 209 U.S. 123, 159-60, 28 S. Ct. 441, 454 (1908).

Here Eubank sought prospective relief as to the University of Alabama Board of Trustees, a state agency, in the form of declaratory and injunctive relief. State agencies, however, are never subject to unconsented suit, even under the doctrine of Ex parte Young. Ex parte Young applies only when state officials are sued for prospective relief in their official capacity. It does not permit suit against state agencies or the state itself, even when the relief is prospective. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-03, 104 S.Ct. 900, 908-09 (1984); see also Sessions v. Rusk State Hosp., 648 F.2d 1066, 1069 (5th Cir. Unit A June 1981) (noting that "neither the state nor its agencies may be sued for injunctive relief in federal court, although injunctive or prospective relief may be sought against state officials without invoking the eleventh amendment bar").[4]

The University of Alabama Board of Trustees is a state agency, not a state official acting in its official capacity.[5] See Harden v. Adams, 760 F.2d 1158, 1163

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[5] At various points in the district court, Eubank appears to have intended to sue the UAB Board of Trustee members in their individual capacities. But he did not amend his complaint to name them individually at any point. Furthermore, he raises no argument on appeal as to the

14

(11th Cir. 1985).  Hence, the exception to 11th Amendment immunity set out in Ex parte Young does not apply to claims against it, and the district court did not err in dismissing Eubank's claim for prospective relief on Eleventh Amendment immunity grounds.

IV.

The district court next dismissed the damages claims against Judge Bahakel in her individual capacity on judicial immunity grounds.  Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity, unless they acted in a clear absence of jurisdiction.  Mireles v. Waco, 502 U.S. 9, 9-12, 112 S.Ct. 286, 287-81 (1991). The Supreme Court has stated that "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge."  Stump v. Sparkman, 435 U.S. 349, 356,  98 S.Ct. 1099, 1104 (1978).  The Supreme Court has explained that a judge acting "in excess" of her jurisdiction is still entitled to judicial immunity, noting the following example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability

---

individual Board members, and any argument he might have had is deemed waived.  See Lambrix, 72 F.3d at 1506 n.11.

15

for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." Sparkman, 435 U.S. at 356 n.7, 98 S.Ct. at 1104 n.7 (citation omitted).

The district court correctly determined that the state of Alabama DUI law, including whether the offense charged is "felony DUI" for purposes of providing a circuit court with jurisdiction, is unclear. See Altherr v. State, 911 So.2d 1105, 1108-13 (2004) (reviewing the confusion in Alabama case law as to when an Alabama circuit court, rather than an Alabama district court, has jurisdiction over a DUI charge). Accordingly, Bahakel did not act in a "clear absence" of jurisdiction, but at most acted "in excess" of her jurisdiction. See Sparkman, 435 U.S. at 356, n.6. She was therefore entitled to judicial immunity and the damages claims against her were properly dismissed.

Eubank also made claims for prospective relief against Judge Bahakel in her official capacity. The absence of a real and immediate threat of future injury is even clearer here than in the case of the other prospective defendant-appellees. Judge Bahakel was removed from Eubank's case for prejudice in September 2003. It is thus inconceivable that he would ever have to appear before her again, even if he were someday charged with DUI in the circuit court. Moreover, Eubank lacks

16

taxpayer standing for the same reason discussed above: he has failed to identify a nexus between his taxpayer status and Judge Bahakel's allegedly unconstitutional conduct. The district court thus correctly dismissed the prospective claims against Judge Bahakel as well.

V.

Finally, the district court dismissed the claims against COPAC for lack of personal jurisdiction. Although not raised by either party, we have noted that when matters outside the pleadings are presented to the district court in a Fed.R.Civ.P. 12(b)(6) motion to dismiss, and the district court considers these additional facts, the motion is to be converted into a motion for summary judgment as provided in Fed.R.Civ.P. 56, and all parties must be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Fed.R.Civ.P. 12(b); Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997). These conversion requirements are "strictly enforced" and a pro se plaintiff "must be advised of his right to file counter affidavits or other responsive material and. . . be alerted to the fact that his failure to so respond might result in the entry of summary judgment against him." Herron v. Beck, 693 F.2d 125, 126 (11th Cir. 1982) (internal citations omitted).

17

In this case, the district court granted COPAC's motion to dismiss, in part, based upon allegations outside of the complaint: specifically, an affidavit submitted by COPAC and "other [unspecified] evidence." Though the district court did at one point direct the parties to submit any additional materials they wished to have considered in connection with the motions to dismiss, there is no other indication that this was intended as a Rule 56 conversion, or that the court provided Eubank with the notice normally required under the circumstances, particularly when pro se litigants are involved. See Herron, 693 F.2d at 126. It therefore appears that the district court erred in this respect. See Fed.R.Civ.P. 12(b); Brooks, 116 F.3d at 1371.

We may, however, affirm a district court that failed to properly convert a motion to dismiss where the failure to convert was harmless. Donaldson v. Clark, 819 F.2d 1551, 1555 n.3 (11th Cir. 1987); Property Mgmt. & Invs., Inc. v. Lewis, 752 F.2d 599, 605 (11th Cir. 1985). That was the case here. Eubank was released from COPAC on October 24, 2000. His claims against COPAC, filed in December 2004, were thus barred by the two-year statute of limitations applicable to claims brought in Alabama under § 1983. Though the district court did not expressly note that Eubank's claim against COPAC was barred for this particular reason, COPAC did present this argument in its motion to dismiss, and the district court addressed

18

it as to defendants who were similarly situated in this respect.

We therefore affirm the dismissal of the claims against COPAC because the claims were untimely and the failure to convert was harmless. See Donaldson, 819 F.2d at 1555 n.3; Property Mgmt. & Invs, Inc., 752 F.2d at 605; Williams v. BellSouth Telecomm., Inc., 373 F.3d 1132, 1139 (11th Cir. 2004) (noting that we may affirm the district court on any basis supported by the record).

Based on the foregoing, we affirm the district court's dismissal of Eubank's claims against Judge Bahakel, Sheriff Hale, UAB Health Services, University of Alabama Health Systems Foundation, Frazier, Barkers, COPAC, the UAB Board of Trustees, the Alabama State Bar, and the Board of Commissioners of the Alabama State Bar.

**AFFIRMED.**