**EDICIONES MUSICALES Y REPRE-SENTACIONES INTERNACIO-NALES, S.A., Plaintiff,**

v.

**Matea SAN MARTIN, Carimusic Corp., Emusica Entertainment Group, Inc., and John Does 1 Through 5, Defendants.**

**Case No. 08–20607–CIV–KING.**

United States District Court, S.D. Florida, Miami Division.

Oct. 9, 2008.

Amaury Cruz, Amaury Cruz PA, Miami Beach, FL, for Plaintiff.

Arnaldo Velez, Coral Gables, FL, James B. Sheinbaum, Borstein & Sheinbaum, New York, NY, Angela Kristin Steele, Greenberg Traurig, Miami, FL, for Defendants.

## ORDER GRANTING, IN PART, THE DEFENDANT EMUSICA ENTERTAINMENT GROUP, INC.'S MOTION TO DISMISS

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon the Defendant Emusica Entertainment Group, Inc.'s ("Emusica") Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law (D.E. # 15), filed April 18, 2008. This Motion has been fully briefed.

### I. BACKGROUND

The instant action arises from a musical work (i.e., "De un Rancho a Otro Rancho") ("the Work") created by a Mexican composer (i.e., Jesus Nila Aguirre) ("the Composer") in 1968. (Amended Complaint, ¶ 15). On February 23, 1968, this Composer allegedly assigned all rights to the Work to Plaintiff Ediciones Musicales Y Representaciones Internacionales, S.A. ("EMRISA"). (Amended Complaint, ¶ 17). On April 7, 1972, Plaintiff EMRISA allegedly recorded this assignment and a copyright in the Work at a Mexican copyright office. (Amended Complaint, ¶ 18). On October 15, 1987, Defendant San Martin, acting as the agent of Defendant Carimusic, allegedly reached an agreement with the Composer that all rights were assigned to it. (Amended Complaint, ¶ 19). On February 25, 1988, Defendant San Martin allegedly recorded the assignment in favor of Carimusic. (Amended Complaint, ¶ 21). On July 29, 1988, Defendant Carimusic registered a copyright for the Work in its name, the Composer's name, and a performer named Vicente Fernandez. (Amended Complaint, ¶ 23). In 2005, Defendant Carimusic sold its interest in the Work to Defendant Emusica. (Amended Complaint, ¶ 25). The Plaintiff EMRISA seeks damages and injunctive relief for copyright infringement and other state-law claims.

### II. RELEVANT LAW

In ruling upon a 12(b)(6) motion to dismiss, such should be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Further, the court must accept the complaint's allegations as true and construe them in the light most favorable to the plaintiff. *See M.T.V. v. Dekalb County Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006). At the 12(b)(6) stage, the court can generally only consider that which is contained within the four corners of the complaint. *See Long v. Slaton*, 508 F.3d 576, 578 n. 3 (11th Cir.2007).

### III. DISCUSSION

#### A. Copyright Infringement Claim

■ Here, the Defendant Emusica asserts that the gravamen of the Plaintiff's

copyright infringement claim is a claim for ownership, which is barred by the three-year statute of limitations applicable to copyright claims. *See* 17 U.S.C. § 507(b). This Court disagrees. As the Defendant correctly asserts, any copyright ownership claim would be subject to the three-year statute of limitations. *See Barksdale v. Robinson*, 211 F.R.D. 240, 245 (S.D.N.Y. 2002).[1] Any copyright ownership claim would have begun to accrue when the Plaintiff had reason to know of the alleged injury. *See Eubank v. Leslie*, 210 Fed. Appx. 837, 841 (11th Cir.2006). This event occurred on July 29, 1988, when Defendant Carimusic registered a United States copyright in the Work. *See Margo v. Weiss*, 1998 WL 2558 *5 (S.D.N.Y.1998) (holding that the plaintiff's claim began to accrue when the copyright certificate was filed).[2] Thus, any copyright ownership claim would be barred. However, the Plaintiff does not allege a copyright ownership claim and, instead, asserts a copyright infringement claim. The instant action is distinguishable from *Barksdale* and other cases[3] where the copyright infringement claims were (in addition to the copyright ownership claims) barred. In those cases, the plaintiffs either were seeking co-ownership of the copyright or were acknowledged co-owners of the copyright (and seeking sole ownership). Thus, the copyright infringement claims depended on a determination of sole ownership because a defendant cannot infringe on his or her own copyright. *See Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294, 1304 n. 12 (11th Cir.2007). In contrast, there is no suggestion that the Defendants in the instant action have any type of ownership interest in the Plaintiff's Mexican copyright. Rather, the Amended Complaint alludes to the fact that the Defendants are acting upon belief that they have sole ownership through a *separate* United States copyright. Thus, this Court concludes that the instant action is more analogous to *Carell v. Shubert Organization, Inc.*, 104 F.Supp.2d 236 (S.D.N.Y.2000), in which the court held that (notwithstanding the fact that the copyright ownership claim was barred by the three-year statute of limitations) the copyright infringement claim could proceed. *See id.* at 252. The court reasoned that "while a dismissal of an ownership claim as time-barred bars certain remedies associate with ownership, it does not extinguish the right of a copyright owner to sue for infringement." *See id.* The Court further reasoned that "[p]laintiff's alleged ownership interest may therefore serve as the basis for plaintiff's infringement claims even if plaintiff is barred from seeking a formal declaration of ownership rights." *See id.* at 255. In

---

1. The Plaintiff asserts that the statute of limitations under United States law is not applicable and, instead, the statute of limitations under the law of Mexico is applicable. We disagree. As the Defendant EMUSICA correctly counters, this action is filed pursuant to the United States Copyright Act. Thus, the three-year statute of limitations governing such actions is applicable.

2. The Plaintiff asserts that it was not on constructive notice on this date because the copyright certificate was issued more than five years after the publication of the work in Mexico. *See* 17 U.S.C. § 410(c). This Court disagrees. The statute (i.e., § 410(c)) merely addresses the evidentiary value to be accorded to such a copyright certificate during a judicial proceeding. This Court is unwilling to conclude that a party cannot be placed on constructive notice by such a copyright certificate.

3. These cases include (1) *Minder Music Ltd. v. Mellow Smoke Music Co.*, 1999 WL 820575 *2 (S.D.N.Y.1999) and (2) *Margo v. Weiss*, 1998 WL 2558 *5 (S.D.N.Y.1998).

sum, the gravamen of Count One of Plaintiff Emusica's Amended Complaint is copyright infringement, and dismissal of this claim is unwarranted. As the Plaintiffs correctly assert, this action can be maintained for all infringing acts which occurred within the last three years prior to this suit. *See United States v. Shabazz*, 724 F.2d 1536, 1540 (11th Cir.1984).

## B. *Unfair Competition Claim*

■ Next, the Defendant Emusica asserts that the Florida unfair competition claim (i.e., Count Two) is preempted and should be dismissed. We agree. The Plaintiff asserts that it has sufficiently alleged the three elements outlined in *CBS, Inc. v. Garrod*, 622 F.Supp. 532, 536 (M.D.Fla.1985), and those elements satisfy the "extra element" requirement to preclude preemption. However, in *CBS*, the court limited the availability of these elements to state a cause of action for unfair competition to those cases involving record piracy. *See CBS, Inc.*, 622 F.Supp. at 536. In Plaintiff's Amended Complaint, there is no mention of record piracy. Instead, the Plaintiff alleges that Defendants are attempting to pass off the Work as their own. (Amended Complaint, ¶ 43). This Court concludes that the unfair competition claim is actually based upon "reverse passing off," a type of claim that is preempted. *See Law Bulletin Publishing v. LRP Publications, Inc.*, 1998 WL 1969648 *4 (S.D.Fla.1998) ("[R]everse passing off ... occurs when the defendant sells the plaintiff's product but calls it his own.... The majority of courts to consider the issue have concluded that common

law reverse passing off claims are preempted by the Copyright Act."). In sum, this Court concludes that this Florida unfair competition claim is preempted.

## C. *FDUTPA Claim*

■ Finally, the Defendant Emusica asserts that the claim pursuant to Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (i.e., Count Three) is preempted and should be dismissed. Unlike a claim for copyright infringement, this particular claim requires the "extra element" of a deceptive act or unfair practice. In the Amended Complaint, the Plaintiff EMRISA alleges that the Defendants engaged in such unfair conduct. (Amended Complaint, ¶ 46). Thus, this Court concludes that this particular claim is not preempted. *See Donald Frederick Evans & Assocs., Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 915–16 (11th Cir.1986).[4]

## IV. *CONCLUSION*

After a careful review of the record and being otherwise fully advised, it is ORDERED, ADJUDGED, and DECREED that Defendant Emusica's Motion to Dismiss (**D.E. # 14**) be, and the same is hereby, **GRANTED IN PART.** Only the Florida unfair competition claim (i.e., Count Two) is **DISMISSED.** With respect to the copyright infringement claim (i.e. Count One) and FDUTPA claim (i.e., Count Three), the Motion is **DENIED.** Further, the Defendant Emusica's Motion for Hearing (**D.E. # 16**) concerning this Motion to Dismiss is hereby **DENIED.** Finally, the Defendant Emusica must file its answer to

---

4. This Court acknowledges the Defendant Emusica's Motion for Hearing (D.E. # 16) with regard to this Motion to Dismiss. This Court appreciates the willingness of the parties to argue their positions during a hearing but concludes that such is unnecessary to proper disposition of this Motion to Dismiss. The parties' briefs are more than sufficient.

the Amended Complaint within twenty (20) days of this Order.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 8th day of October, 2008.